IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON DANIEL GANDY,

                Plaintiff,

  v.

E. EMMERICH,
ADMIN. REMEDY COORDINATOR FARWELL,
UNIT TEAM BOSS BROSH,
UNIT TEAM BOSS SPONSLER, and
CORRECTIONAL OFFICER B. PETERS,

                Defendants.

OPINION and ORDER

25-cv-282-jdp

---

Plaintiff Jason Daniel Gandy, proceeding without counsel, is currently a prisoner at Federal Transfer Center-Oklahoma City. Gandy alleges that when he was a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, prison officials retaliated against him for filing a complaint about a correctional officer. Gandy has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Gandy's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Gandy's complaint does not state any claim for relief, so I will dismiss the case.

ANALYSIS

Gandy alleges that defendant FCI-Oxford staff retaliated against him in multiple ways for filing a Prison Rape Elimination Act complaint against Correctional Officer B. Peters, including charging and convicting him with unwarranted disciplinary infractions, mishandling his attempted appeals of his disciplinary conviction, and falsely accusing him of a Prison Rape Elimination Act violation.

I take Gandy to be attempting to being claims for violations of his First Amendment rights against defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in which the Supreme Court recognized an "implied" damages remedy against federal officers for certain constitutional violations. But the Court has tightly restricted the scope of *Bivens*, holding that it applies in only three contexts: Fourth Amendment claims for unreasonable search and seizure, Fifth Amendment claims for sex discrimination, and Eighth Amendment claims for failing to provide adequate medical care. *See Sargeant v. Barfield*, 87 F.4th 358, 363 (7th Cir. 2023). Expansion of *Bivens* is now explicitly a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017). The Supreme Court has explicitly concluded that a plaintiff may not bring a First Amendment retaliation claim under *Bivens*. *Egbert v. Boule*, 596 U.S. 482, 498 (2022). So Gandy doesn't state a retaliation claim that this court can consider. Because Gandy's complaint doesn't state any claims for relief, I will dismiss his complaint.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Gandy could amend his complaint to

fix the problems discussed above. I will also direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered July 8, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge